### KNIGHT v. STATE.

In Banc. Nov. 14, 1949.

No. 37205 (42 So. (2d) 747)

Quitman Ross, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

Montgomery, J.

Davis Knight was indicted by the grand jury of Jones County, the indictment, omitting the formal parts, reading as follows:—"Davis Knight on the 21st day of June, 1948 in the County and District aforesaid did, being a citizen of the State of Mississippi and a Negro or mulatto male person, with 1/8 or more of Negro blood, and being a person who is prohibited by the laws of the State of Mississippi from marrying a white person or person of the Caucasian race, did on or about the 18th day of April, 1946, wilfully and feloniously and unlawfully marry Junie Lee Spradley, a white female person and did wilfully, feloniously and unlawfully live with her

and cohabit with her as man and wife, against the peace and dignity of the State of Mississippi.''

There was a plea of not guilty and a trial resulting in a verdict of guilty, judgment accordingly, and the imposition of sentence. The case is before us on appeal from that judgment.

The basis for the indictment is Section 459 of the Mississippi Code of 1942, which reads as follows:

''The marriage of a white person and a Negro or mulatto or person who shall have one-eighth or more of Negro blood, or with a Mongolian or a person who shall have one-eighth or more of Mongolian blood, shall be unlawful, and such marriage shall be unlawful and void; and any party thereto, on conviction, shall be punished as for marriage within the degrees prohibited by the last two sections; and any attempt to evade this and the two preceding sections by marrying out of this state and returning to it shall be within them.''

It will be noted that ██ ██ to make out the offense under the indictment and our statute it was necessary for the State to prove beyond all reasonable doubt that the defendant had one-eighth or more Negro blood. The Attorney General, both in the brief for the State and in his oral argument before the court, has admitted that the proof in this record fails to meet this burden. We have carefully examined the record and we are convinced by it that the Attorney General was justified in making such admission and that the proof in this case does not establish beyond every reasonable doubt that the defendant had one-eighth or more Negro blood. The verdict is against the overwhelming weight of the evidence. For this reason the judgment of the lower court cannot be permitted to stand but must be reversed and remanded.

Reversed and remanded.